## DELANEY *v.* UNITED STATES.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 354.   Argued January 3, 1924.—Decided January 21, 1924.

1. A district judge is not disqualified by Jud. Code, § 120, from sitting in the Circuit Court of Appeals upon review of a conviction for conspiracy involving no question that had been considered by him in the District Court, merely because he had overruled a motion to quash the indictment made by a co-defendant of the plaintiff in error, who was not tried, and in another case, of like character but not involving the plaintiff in error, had overruled a like motion, presided at the trial and sentenced a defendant.   P. 588.
2. Where District Court and Circuit Court of Appeals concurred in sustaining a verdict of conviction as founded on sufficient testimony, *held* that this Court would not reëxamine the question.   P. 589.
3. On a prosecution for conspiracy, testimony of one conspirator as to what a deceased co-conspirator had told him during the progress of the conspiracy, is admissible against a third, in the sound discretion of the trial judge.   P. 590.

Affirmed.

CERTIORARI to a judgment of the Circuit Court of Appeals affirming a conviction and sentence, in a prosecution for conspiracy to violate the National Prohibition Act.

*Mr. David V. Cahill,* with whom *Mr. Laurence M. Fine* and *Mr. Elijah N. Zoline* were on the brief, for petitioner.

*Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck, Mrs.*

*Mabel Walker Willebrandt,* Assistant Attorney General, and *Mr. Mahlon D. Kiefer* were on the brief, for the United States.

MR. JUSTICE McKENNA delivered the opinion of the Court.

Certiorari to the Circuit Court of Appeals to review a judgment of that court affirming a conviction and judgment of petitioner upon two indictments in which he was charged, with others, with a conspiracy to violate the National Prohibition Act. The overt acts manifesting the conspiracy and accomplishing it were enumerated.

The indictments were numbered 348H and 350H. The defendants in No. 348 were Thomas A. Delaney; Joseph Ray; Joseph Dudenhoefer, sr.; Joseph Dudenhoefer, jr.; Joseph Dudenhoefer Company, a corporation; Joseph Guidice. The defendants in No. 350 were the same parties as above, with the addition of Walter M. Burke.

The Dudenhoefers pleaded guilty, Guidice died, and Burke was not tried. Delaney, petitioner, and Ray were alone proceeded against, the indictments being consolidated for the purpose of trial and resulting in a verdict of guilty upon which there was a judgment of imprisonment · in the penitentiary for two years and a fine of $10,000 imposed.

Both defendants joined in a writ of error to the Circuit Court of Appeals, composed of Judges Baker, Evans and Page. The court affirmed the judgment without opinion.

A petition for rehearing was made by petitioner (Ray not joining), based on the ground that he was convicted upon inadmissible and uncorroborated hearsay testimony; the insufficiency of the evidence otherwise to establish his guilt, and that he was deprived of a fair trial by the attitude of the trial judge. The petition was denied.

Thereupon, a petition was filed to vacate the orders theretofore entered and to set the case for reargument.

The petition recited the fact of the indictments and the
proceedings and conviction upon them, and that certain
other indictments were filed charging one Arthur Birk
and others with violation of the Prohibition Act, and that
Birk made a motion to quash the indictment, which mo-
tion was heard, considered and denied by Evan A. Evans,
one of the judges of the District Court. It was further
represented that a motion was made by Walter M. Burke,
a co-defendant with petitioner, to quash the indictment
against him, Burke, which was also heard by Judge Evans
and denied by him.

.It was further represented that Birk was placed on trial
before Judge Evans, found guilty and sentenced to con-
finement in a penitentiary and to pay a fine, and that after
the proceedings thus detailed, including those against pe-
titioner, Judge Evans sat with the other judges who had
presided at the trials, and took part in their deliberations
respecting the penalties to be inflicted upon petitioner and
his co-defendants. That Judge Evans was also one of the
judges in the imposition of penalties upon the various
defendants.

. It was represented that by reason of the participation of
Judge Evans as thus detailed, he became and was disquali-
fied to sit in the Circuit Court of Appeals and that the
order of that court purporting to affirm the judgment of
the District Court was entered without jurisdiction and
was void, and that a rehearing and reconsideration of the
case should have been ordered.

In support of the motion, § 120 of the Judicial Code was
cited. Its provision is as follows: " That no judge before
whom a cause or question may have been tried or heard in
a district court, or existing circuit court, shall sit on the
trial or hearing of such cause or question in the Circuit
Court of Appeals."

The section seems not to have attracted the attention or
appreciation of petitioner until he had experimented with

other means of review and relief from the conviction adjudged against him. It may be that he did not thereby waive the section which may express a policy and solicitude in the law to keep its tribunals free from bias or prejudgment, rather than to afford a remedy to a litigant, yet it would seem that he should not be permitted to assume the competency of the tribunal to decide for him and its incompetency to decide against him. His action certainly suggests the idea that it was an afterthought with him that he was at any time in the situation from which the section was intended to relieve. And was he? It will be observed that the section precludes a judge or justice before whom a " cause or question may have been tried or heard " to " sit on the trial or hearing of such cause or question in the Circuit Court of Appeals." These words have received exposition in *Rexford* v. *Brunswick-Balke Co.,* 228 U. S. 339, 343–344. It is there said, " Its manifest purpose is to require that the Circuit Court of Appeals be composed in every hearing of judges none of whom will be in the attitude of passing upon the propriety, scope or effect of any ruling of his own made in the progress of the cause in the court of first instance . . . which it is the duty of the Circuit Court of Appeals to consider and pass upon." In this case there was no question before the Circuit Court of Appeals that had been considered by Judge Evans in the District Court.

The charge that Judge Evans sat with the other judges and considered with them the penalties to be imposed on the codefendants of petitioner, we do not think has justification in the record. Besides, counsel at the oral argument said he was not disposed to press it.

Petitioner attacks the judgment as not being supported by the testimony, a great deal of which is detailed. The immediate reply is that the probative sufficiency of the testimony has the support of the District Court (in which is included the verdict of the jury) and of the Circuit

Court of Appeals. It would take something more than ingenious criticism to bring even into question that concurrence or to detract from its assuring strength—something more than this record presents.

It is contended that hearsay evidence was received against petitioner, and this is erected into a charge of the deprivation of his constitutional right to be confronted with the witnesses against him. Hearsay evidence can have that effect and its admission against objection constitute error. *Diaz* v. *United States,* 223 U. S. 442, 450; *Rowland* v. *St. Louis & San Francisco R. R. Co.,* 244 U. S. 106, 108; *Spiller* v. *Atchison, Topeka & Santa Fe Ry. Co.,* 253 U. S. 117, 130. And error is asserted and in support of the assertion there is general declamation and faultfinding with the case in its entirety. The only exception, however, was to testimony given by one of the conspirators of what another one of the conspirators (the latter being dead) had told him, during the progress of the conspiracy. We think the testimony was competent and within the ruling of the cases. *American Fur Co.* v. *United States,* 2 Pet. 358. *Nudd* v. *Burrows,* 91 U. S. 426, 438; *Wiborg* v. *United States,* 163 U. S. 632. And it has been said that the extent to which evidence of that kind is admissible is much in the discretion of the trial judge. *Wiborg* v. *United States,* 163 U. S. 632, 658. We do not think that the discretion was abused in the present case.

There is nothing in the record which justifies a reversal of the case and the judgment of the Circuit Court of Appeals is

*Affirmed.*