Lewis Milton **WILLIAMS**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19389.**

United States Court of Appeals
Eighth Circuit.

Oct. 9, 1969.

Rehearing Denied Oct. 31, 1969.

Maxim N. Bach, Legal Aid and Defender Society of Greater Kansas City, Kansas City, Mo., for appellant; Paul T. Miller and James E. Lyons, Kansas City, Mo., on the brief.

Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for appellee; Calvin K. Hamilton, U. S. Atty., Kansas City, Mo., on the brief.

Before VAN OOSTERHOUT, Chief Judge, and LAY and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

Lewis Milton Williams, hereinafter referred to as defendant, has taken a timely appeal from final order of the District Court denying his 28 U.S.C.A. § 2255 motion to vacate and set aside his conviction by a jury and the resulting life sentence imposed on December 14, 1956, on each count of an indictment for kidnaping in violation of 18 U.S.C.A. § 1201. The background facts are fully set out in our opinion affirming the conviction. Hess v. United States, 8 Cir., 254 F.2d 578.

Defendant's present § 2255 motion seeks relief on the ground defendant was not represented by counsel on his direct appeal from his conviction and that he was thus deprived of his constitutional right to be represented by counsel at all stages of the proceedings against him. Defendant was represented by court-appointed counsel at his trial. It is undisputed that defendant was not represented by counsel on his appeal from his conviction and no contention is made that the defendant knowingly and intelligently waived counsel.[1] Defendant's forma pauperis status was not questioned. He was allowed to take his direct appeal in forma pauperis.

The trial court's unreported memorandum opinion in the present proceeding indicates that the decision adverse to defendant is based on the court's view that it had no jurisdiction under § 2255 to consider any matters arising subsequent to imposition of sentence and since the asserted error arose subsequent to sentence, it could not be considered by the court on a § 2255 motion. The court further observed that since defendant is not confined within the jurisdiction of the court, the motion could not be treated as a petition for habeas corpus.[2]

The trial court committed error in determining that it had no jurisdiction to consider the § 2255 motion. The extent of review available on a § 2255 motion is substantially the same as that available by habeas corpus. Section 2255 was designed to provide relief formerly available by habeas corpus in a more convenient forum—the sentencing court. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Thornton v. United States, 125 U.S.App.D.C. 114, 368 F.2d 822; Barry v. Sigler, 8 Cir., 373 F.2d 835, 838.

It is established beyond question that a defendant in a felony trial is constitutionally entitled to representation by counsel on direct appeal from his conviction. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493; Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811. Such right has been retroactively applied. Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33.

---

1. "When a defendant whose indigency and desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred from defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel." Swenson v. Bosler, 386 U.S. 258, 260, 87 S.Ct. 996, 998, 18 L.Ed.2d 33.

2. Habeas corpus petitions filed by defendant based upon lack of counsel on appeal had been dismissed by the United States District Court for the Eastern District of Illinois and the United States District Court for Kansas upon the ground that Williams' remedy was a § 2255 motion in the sentencing court.

Defendant pro se has filed a brief, a supplement thereto, and various letters in which he asserts in substance that the relief to which he is entitled is a discharge from custody and a bar to further prosecution on the kidnaping charges. He asserts that he has made no motion for rehearing or to reopen his appeal and states:

"Since this court has already diligently searched the record, and found no error, it follows that this court has pre-judged any issue that could be raised at this time, and the appointment of an attorney and the filing of a supplemental brief could not constitute, or be a substitute for a legal appeal, in the present cause this procedure would be nothing more than a formality, which serves no practical purpose."

Defendant also moved that our February 4, 1969, order be rescinded for reasons substantially like those stated in his brief.

■ Defendant has cited no cases and we have found none which support his contention that the remedy for absence of counsel upon appeal is an absolute release and bar to further prosecution. Rather, at least in cases where a complete record of the trial resulting in the conviction is available, the remedy lies in affording a fair appellate review of the conviction with the defendant being afforded assistance of counsel in such review. See Bosler v. Swenson, 8 Cir., 363 F.2d 154, aff'd, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33; Williams v. United States, 8 Cir., 402 F.2d 548, 552.

Defendant has been represented by court-appointed counsel in the proceedings now before us. Such counsel initially filed a brief showing that defendant's constitutional rights had been violated by the failure to provide him with counsel on his direct appeal. The Government filed a motion on January 29, 1969, wherein it was conceded defendant's constitutional rights had been violated by failure to provide appellate counsel. The motion suggested:

"The most expeditious procedure would appear to be for this Court to stay the filing of the Government brief on this appeal, and to direct appellant and his counsel to review the record of his trial on the charge of kidnaping and file a supplemental brief raising any and all issues that they believe to have merit."

Pursuant thereto, another panel of this court on February 4, 1969, adopted the Government's suggestion and ordered, "Counsel for appellant is directed to file a supplemental typewritten brief in this case raising all allegations of error believed meritorious."

Counsel for the Government was directed to respond to such brief when filed. The time allowed the defendant to file the supplemental brief raising any error that could be asserted on direct appeal was extended by orders of this court to June 16, 1969. On June 16, 1969, defendant's counsel filed a brief raising errors in defendant's trial resulting in his conviction which will be hereinafter discussed. The Government has responded thereto.

■ The constitutional infirmity here asserted lies only at the appellate level. Our order of February 4 permits the defendant with the aid of counsel to assert any errors which would have been reviewable on a direct appeal. There is no merit to the defendant's contention that this court, having once decided defendant's pro se appeal, would not fairly consider any issue that might be raised.[3] Defendant's counsel in con-

---

3. In our opinion on direct appeal, 254 F. 2d 578, 582, we stated:

"Because of the severity of the punishment, and, inasmuch as appellants' brief was apparently prepared without assistance of counsel, we have, in the interest of justice, diligently searched the record and are convinced that the rights of appellants were not violated in the respects suggested."

We recognize that under *Swenson*, subsequently decided, that such consideration does not overcome the constitutional objection of lack of counsel upon appeal.

formity with such order has raised the issues which he deems meritorious. Defendant in his pro se brief raises no errors with respect to his trial.

■ As pointed out in Williams v. United States, supra, many cases granting a new appellate review of a conviction have accomplished such objective by vacating the judgment and providing for resentencing, thus reopening the appeal. The desired objective is to supply appellate review with counsel representation. The means by which this is accomplished would not appear to be critical. We hold that the February 4 order affords defendant fair and constitutional appellate review of his conviction and that it permits him to raise any issue that he could have raised upon a timely direct appeal. We treat defendant's appeal as a direct appeal from his conviction.

Defendant's counsel by supplemental brief, filed pursuant to our February 4 order permitting defendant to raise any issue that could be considered on a direct appeal from his conviction, raises the following issues:

1. There is a misjoinder of defendants in the two-count indictment in violation of Rule 8(b), Fed.R.Crim.P.

2. In any event, the court erred in denying defendant's motions for severance based on Rule 14, Fed.R.Crim.P.

■ We agree with defendant's contention that the propriety of the joinder of multiple defendants in a single indictment must be tested by Rule 8(b) and that the broader provisions of Rule 8(a) have no application on the misjoinder issue. Cupo v. United States, 123 U.S.App.D.C. 324, 359 F.2d 990, 992; King v. United States, 1 Cir., 355 F.2d 700, 704. See 8 Moore's Federal Practice ¶ 8.06 [1].

Rule 8(b) reads:

*"Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all defendants need not be charged in each count."*

The pertinent issue arising out of Rule 8(b) is whether Count II which charges the defendant alone was a part of "the same act or transaction or in the same series of acts or transactions" involved in the Count I kidnaping, which charges both Williams and the Hess brothers.

Count I of the indictment charges in substance that defendant Williams and the Hess brothers on November 11, 1956, kidnaped one Brasfield and transported him from Kansas City, Missouri, to Mission, Kansas, where he was released unharmed, in violation of 18 U.S.C.A. § 1201.

Count II charges:

" * * * that on or about November 12, 1956, while attempting to avoid apprehension following the crime described above in Count I of this Indictment, Lewis Milton Williams did unlawfully, knowingly, wilfully and feloniously transport in interstate commerce from Mission, Johnson County, Kansas, to Kansas City, Jackson County, Missouri, in the Western Division of the Western District of Missouri, one Dorothy Stone Sparks, and her son, Stephen Sparks, a minor, who had theretofore been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted and carried away, and held for ransom, reward and otherwise, and that the aforesaid Dorothy Stone Sparks and Stephen Sparks were thereafter liberated unharmed, all in violation of Section 1201, Title 18, United States Code."

■ The text of Rule 8(b) indicates that several defendants "may be charged in the same indictment or information [but possibly for different offenses] if they are *alleged* to have" committed the offenses in the same criminal transaction or series of transactions. (Emphasis added.) It is quite clear from

the indictment as set out above that the defendant was alleged to have participated in the same transaction or series of transactions as the Hess brothers. In our view, the statement in Count II reading "while attempting to avoid apprehension following the crime described in Count I" is a sufficient allegation that the Count II offense was part of the "same series of acts or transactions constituting an offense or offenses" involved in Count I.

Moreover, the evidence clearly supports the allegations of Count I of the indictment relating to Brasfield's kidnaping in which defendant Williams participated and establishes that the car in which defendant and the victim were riding broke down at 58th and Reeds Road in Mission, Kansas, about 12:30 a. m. on November 12 while being pursued by a police officer. Defendant and the Hess brothers jumped out of the car and ran away, leaving the victim.

The Count II kidnaping occurred about 8:30 a. m. on November 12 at the Sparks home in Mission, Kansas, located some six blocks from the point defendant and his associates had abandoned the car and the Count I victim some eight hours before. The door to the Sparks' garage was open. Williams unsuccessfully tried to start the Sparks car without an ignition key. After Mrs. Sparks' husband left for work, Mrs. Sparks at gun point and by threats was forced to drive defendant from Mission, Kansas, to Kansas City, Missouri, where defendant had a hotel room. The Count I kidnaping occurred in Kansas City, Missouri, and the Count II kidnaping ended in Kansas City, Missouri.[4]

In our view all of defendant's criminal activities from the commencement of the Count I kidnaping up to the termination of the second kidnaping were a part of the same series of acts or transactions constituting the offenses charged. The second kidnaping was motivated by the desire to escape

capture on the first count offense. See Bayless v. United States, 9 Cir., 381 F.2d 67, 71.

If the requisites of Rule 8(b) are met, joinder of multiple defendants and multiple counts are not invalidated by lack of individual participation by all defendants in all of the crimes charged As stated by Judge Lay in Haggard v. United States, 8 Cir., 369 F.2d 968, 973, "Nor do we think that 'participation' in 'the same series' requires 'participation' in each transaction of the series." See Wiley v. United States, 4 Cir., 277 F.2d 820, 824; Scheve v. United States, 87 U.S.App.D.C. 289, 184 F.2d 695, 696; Cataneo v. United States, 4 Cir., 167 F.2d 820, 822–824; 1 Orfield Criminal Procedure § 8:65.

This court in *Haggard,* supra, further points out that Rule 8(b) need not be construed with undue strictness as Rule 14 provides an adequate means to protect individual defendants from a prejudicial joint trial. See Tillman v. United States, 5 Cir., 406 F.2d 930, 934.

Defendant has failed to establish that there has been a misjoinder of defendants in the indictment.

Defendant in a pretrial motion and during the course of the trial has properly raised the issue of severance under Rule 14. Rule 14, to the extent here material, provides:

"If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

The issue under Rule 14 is whether the defendant has shown prejudice by the trial court's failure to sever his trial from that of the Hess brothers. The rules with respect to determining

---

4. Further details with respect to the two kidnapings are more fully stated in Hess v. United States, 8 Cir., 254 F.2d 578.

whether prejudice exists which entitles a defendant to a severance are well stated by Judge Ainsworth in Tillman v. United States, 5 Cir., 406 F.2d 930, 934–935, as follows:

"The existence of prejudice, in large measure, depends upon the facts and circumstances of each case, Flores v. United States, 5 Cir., 1967, 379 F.2d 905, 909; Blachly v. United States, 5 Cir., 1967, 380 F.2d 665, 675; Peterson v. United States, 5 Cir., 1965, 344 F.2d 419, 422, and it is axiomatic that the granting of a severance is within the discretion of the trial judge. Smith v. United States, 5 Cir., 1967, 385 F.2d 34, 37. The burden of demonstrating prejudice is a difficult one, and the ruling of the trial judge will rarely be disturbed on review. 8 Moore, Federal Practice ¶ 14.02 [1], p. 14–3 (2 ed. 1968). The defendant must show something more than the fact that 'a separate trial might offer him a better chance of acquittal.' Id. at ¶ 14.04 [1], pp. 14–10—14–11, citing Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); Robinson v. United States, 1954, 93 U.S.App.D.C. 347, 210 F.2d 29. See also Johnson v. United States, 8 Cir., 1966, 356 F.2d 680; Butler v. United States, 8 Cir., 1963, 317 F.2d 249; Smith v. United States, 1950, 86 U.S. App.D.C. 195, 180 F.2d 775."

See Hanger v. United States, 8 Cir., 398 F.2d 91, 99; Terlikowski v. United States, 8 Cir., 379 F.2d 501, 506.

 Defendant has not met the heavy burden resting upon him to show that the trial court abused its discretion in denying a severance. Defendant was charged in each count of the indictment. The only prejudice specifically asserted in defendant's brief is the following:

"Evidence presented by the government in regard to Count II was highly prejudicial to appellant, particularly is this illustrated by the fingerprints on the paper bag (trial transcript, pages 217–232) which prevented appellant from showing in any way that there was no connection between the two kidnappings."

There is ample other evidence that the defendant had participated in both kidnapings. Moreover, the joinder of the offenses against the defendant would have been proper under Rule 8(a) as it is undisputed that both counts charged acts of the same character with respect to Williams, see Scheve v. United States, supra, and therefore the paper bag could have been admitted against the defendant. The presence of the Hess brothers did not make the introduction of the bag prejudicial. The defendant suffered no prejudice in his joint trial with the Hess brothers.

At the trial, the only defendant to testify was Louis Hess and the substance of his testimony was that neither he nor his brother were involved in the kidnaping and that neither of them knew defendant Williams and that they first saw Williams after their arrest. No confession of any defendant is present as involved in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476.

We hold that the trial court did not abuse its discretion in denying the severance motions.

As heretofore stated, defendant Williams has filed additional briefs pro se but he raises no errors with respect to his trial resulting in his conviction in his briefs. Our examination of the record satisfies us that the defendant has had in all respects a fair trial and that no prejudicial errors were committed by the trial court in the trial resulting in the conviction.

The judgment of conviction is affirmed.