**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Sammy Becenti CHEE, Defendant-Appellant.**

**No. 24649.**

United States Court of Appeals Ninth Circuit.

Jan. 20, 1970.

Rehearing Denied Feb. 16, 1970.

Lawrence C. Cantor (argued), Phoenix, Ariz., for appellant.

Lawrence Turoff (argued), Asst. U. S. Atty., Richard K. Burke, U. S. Atty., Phoenix, Ariz., for appellee.

Before BARNES, DUNIWAY and ELY, Circuit Judges.

DUNIWAY, Circuit Judge:

Chee and one George Roanhorse were charged with assault with a deadly weapon in violation of 18 U.S.C. § 1153 [1] and Ariz.RS § 13–249, subsec. A and assault with intent to commit rape in violation of 18 U.S.C. § 1153 and Ariz.RS § 13–252. In a separate trial Chee was acquitted of the first charge and found guilty of the second charge. He appeals.

At the trial the victim testified that she attended a Squaw Dance on July 31, 1967 at Klageto, Arizona and that she was attacked there by Roanhorse and Chee. She testified that she had been forced to leave her wagon and to accompany her aunt and uncle. Her aunt and uncle began to argue and she feared her uncle would strike her aunt. She attempted to intercede and her uncle struck her in the stomach. The aunt and uncle then wandered away leaving her alone. After a while, she decided to return to the wagon. On her way back she saw Roanhorse, whom she knew, noticed he had been drinking and ran from him. As she ran, Chee appeared in front of her and grabbed her and held her until Roanhorse caught up with them. Roanhorse reviled her for marrying a white man and said "we are going to rape you." Chee was holding her at the time.

[1]. 18 U.S.C. § 1153 provides: "Any Indian who commits against the person or property of another Indian * * * assault with attempt to commit rape, * * * assault with a dangerous weapon, * * * within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

"As used in this section, the offenses of rape and assault with intent to commit rape shall be defined in accordance with the laws of the State in which the offense was committed * * *.

"As used in this section, the offenses of burglary, assault with a dangerous weapon, * * * shall be defined and punished in accordance with the laws of the State in which such offense was committed." The events complained of occurred in the State of Arizona within the boundaries of the Navajo Indian Reservation. Both Chee and the victim were Navajos.

The two men then removed her pants and attempted to remove her underpants. She was struck by both men. She was stabbed in the chest and back by Roanhorse, and each of the men attempted to get on top of her and to undress themselves but were unsuccessful because of her struggles. She suffered a dislocation and fracture of the cervical region of the spine which left her paralyzed in all four limbs. The victim's story was partly corroborated by her stepsister.

Chee testified that his only contact with the victim was when he and Roanhorse attempted to intercede in a fight between the victim and her uncle.

Chee makes the following assignment of errors.

1. It was error to admit the hearsay statement of George Roanhorse.

2. Reference to another bad act of the defendant should have been cause for a mistrial.

3. Insufficiency of the evidence.

4. Inconsistent verdicts.

5. There was improper argument by the prosecutor.

1. *Hearsay evidence.*

Chee argues that it was error to allow the victim to testify to Roanhorse's statement, "We are going to rape you." He contends that allowing this statement violated the rule set down in Bruton v. United States, 1968, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed. 476, in that Roanhorse was not present at the trial and was therefore not subject to cross-examination. This statement was made in Chee's presence and during the actual joint commission of the offense. It was properly admissible as part of the *res gestae.* Wilson v. United States, 9 Cir., 1963, 313 F.2d 317, *cert. denied,* 1963, 374 U.S. 848, 83 S.Ct. 1910, 10 L.Ed.2d 1068; United States v. Annunziato, 2 Cir., 1961, 293 F.2d 373; Jackson v. United States, 1966, 123 U.S.App.D.C. 276, 359 F.2d 260; cf. A.L.I. Model Code of Evidence, Rules 508(b), 512(a).

2. *Reference to another bad act of the defendant.*

When the victim was testifying she was asked how long she had known Chee. She responded, "Well * * * the first time I really have heard of his name and when I saw him was at the time he shot my * * *." At this point counsel for Chee objected and moved for a mistrial. The court denied the motion and advised the jury to disregard the statement. Chee now contends that it was error to deny the motion for mistrial. We find that the curative instruction by the trial judge was sufficient in this case. The sentence was never finished, so that the jury could not know what Chee had shot. It was not error to deny a mistrial.

3. *Insufficiency of the evidence.*

Chee claims that there was insufficient evidence to support the guilty verdict because there was no showing of intent. The facts belie the claim.

4. *Inconsistent verdicts.*

Chee argues that to be found guilty of assault with intent to commit rape he would have to be found guilty on a theory that he aided and abetted Roanhorse. Again, the facts belie the argument. He was a direct participant. His acquittal of assault with a deadly weapon is not inconsistent with his conviction of assault with intent to commit rape. The jury may have found him innocent of the first charge because he did not personally wield the weapon. Whether this is a proper legal ground for the acquittal is immaterial.

5. *Improper argument by the prosecutor.*

On direct examination, Chee testified that he left the scene of the crime because he had a criminal record. He was subsequently asked on direct examination, "do you carry any deadly weapons since you were convicted because of a deadly weapon"? His answer was "no."

On cross-examination he was asked if he had even been convicted of a felony and answered yes. He admitted that he had harmed a lady and had been convicted of assault with a dangerous weapon. On redirect examination Chee's attorney again mentioned the prior conviction in order to establish that the deadly weapon involved was a gun, not a knife.

During his argument to the jury, the prosecutor, while discussing credibility of witnesses, said that Chee admitted having prior police trouble in the form of a felony conviction for assault with a deadly weapon. The prosecutor then told the jury that this fact was only to go to the credibility of the witness.

During his argument to the jury, Chee's counsel referred to the character of the victim's uncle and hinted that he very likely could have committed the acts charged to the defendant.

In his closing argument, the prosecutor attempted to undermine this argument in the following way:

"Then Mr. Cantor told you what a vicious person Mr. Yazzie is, because he has fought with his wife on several occasions. I submit to you, ladies and gentlemen, that the evidence and the admissions of the defendant before I asked him the questions, when he knew that I had this information, that he has not been entirely free of some viciousness, himself. This is a vicious act that you don't anticipate coming from a person who is a mild-mannered and mild character and not the type of guy that would do this type of thing. He admitted, himself, he did it before."

Chee's attorney objected that this was improper argument, and that evidence of the prior conviction could only be used to impeach credibility. The trial court reminded the jury that the evidence of the prior conviction was only admitted to show the credibility of the man, not whether or not he committed the offenses charged. No further instruction was requested. After the jury retired, Chee's counsel made a motion for a mistrial. The court denied it, saying: "I think the jury was adequately admonished; the motion is denied." The trial judge was in a better position to appraise the likelihood of prejudice than we are. It seems quite clear from context that the remark "he admitted he did it before" was a reference to Chee's previous conviction for assault with a deadly weapon. In this case Chee was acquitted of the charge of assault with a deadly weapon. This fact, plus the court's admonition, we think, sufficiently cured what was obviously an improper remark by the prosecutor.

Affirmed.