UNITED STATES of America,
Plaintiff,

v.

Bernard ZENTGRAF, Jr., Paul Schraps,
Cargin Ross, III, Stephen Huber, and
Bennet Guillory, Jr., Defendants.

Cr. No. 69–59.

United States District Court,
N. D. California.

March 5, 1970.

Kerry M. Gough, Oakland, Cal., for Bernard Zentgraf, Jr., William Osterhoudt, and Legal Aid Society of San Francisco, San Francisco, Cal., for Paul Schraps.

Thomas H. Gee, San Francisco, Cal., for Cargin Ross, III.

Stephan J. Perelson, San Francisco, Cal., for Stephen Huber.

Robert Michael Zweig, San Francisco, Cal., for Bennet Guillory, Jr.

Paul G. Sloan, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Order Denying Motions of Defendants Zentgraf, Schraps, and Ross for Severance and Granting Motion of Defendant Guillory for Severance for Purposes of Trial

GERALD S. LEVIN, District Judge.

All the defendants have been newly indicted on charges of violating 21 U.S. C. § 176a and 26 U.S.C. § 4742(a). All the defendants, except Guillory, have been charged in each of the four counts of the indictment; Guillory has only been charged in counts three and four.

The defendants, with the exception of Huber, now move to sever their trials and to sever certain counts. The basis for the motions requesting severance of trials is the stated intention of the Attorney for the United States to use an admission, allegedly made by Huber prior to the alleged commission of the crimes charged, during the course of the proposed joint trial of all the defendants.

A similar motion to sever trials was made to this court by Zentgraf, Ross, and Guillory following the first indictment against these defendants. In an opinion dated and filed October 24, 1969, this court ordered that a severance be granted, unless the Attorney for the United States waived the right to offer into evidence the admission in question. Thereafter, the first indictment was dismissed and the defendants were re-indicted.

### 1. *Severance of Trials*

In deciding the motions of defendants to sever their trials, Zentgraf, Schraps, and Ross are similarly situated, all having been present when the alleged admission was made, and so they will be treated together in considering whether to order severance of their trials. Guillory, however, was not yet present and on the scene when the alleged admission was made and therefore his motion will be separately considered.

With respect to Zentgraf, Schraps, and Ross, the question arises whether there is a hearsay exception under which Huber's alleged admission might be admitted against them, and whether such exception makes this situation different from that facing the Supreme Court in the case of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

The *Bruton* principle is that the admission, in a joint trial, of a co-defendant's confession implicating the defendant in the crime may be violative of the nondeclarant defendant's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment, despite the trial court's instruction to the jury that it should disregard the confession in determining the defendant's guilt or innocence. Slawek v. United States, 413 F.2d 957, 960 (8th Cir. 1969).

In a footnote, the *Bruton* Court emphasized that the hearsay statement inculpating Bruton was clearly inadmissible against him under traditional rules of evidence. The Court declined to rule or comment on the situation where the inculpatory hearsay statement might be accommodated by a recognized hearsay exception. The Court said:

\* \* \* \* \* \*

There is not before us, therefore, any recognized exception to the hearsay rule insofar as petitioner is concerned and we intimate no view whatever that such exceptions necessarily raise questions under the Confrontation Clause. \* \* \* *Bruton* at 128 n. 3, 88 S.Ct. at 1624.

When the court's Order of October 24, 1969, was entered in this case, the Ninth Circuit had not as yet expressed its view on the question left unanswered in the *Bruton* footnote above cited. Since October 24, 1969, however, three slip-sheet opinions by the Ninth Circuit indicate that court's view of the problem. Although the court has reservations about the wisdom of the path followed by the

Ninth Circuit and some other courts on this matter, the court feels constrained to acquiesce and follow along that path.

Commentators have noted that the right of cross-examination secured by the Confrontation Clause of the Sixth Amendment did not come into existence with the enactment of that Amendment, but was a common law right having certain exceptions. In Salinger v. United States, 272 U.S. 542, 548, 47 S.Ct. 173, 175, 71 L.Ed. 398 (1926), the Supreme Court said that,

> The purpose of that provision [the Sixth Amendment], this court has often said, is to continue and preserve that right [to confrontation], and not to broaden it or disturb the exceptions.

In a similar vein, the late Professor Wigmore made the following comment:

> The right to subject opposing testimony to cross-examination is the right to have the Hearsay rule enforced; for the Hearsay rule is the rule requiring cross-examination (*ante*, § 1362). V Wigmore on Evidence § 1397, at 130 (3d ed. 1940).

\* \* \* \* \* \*

> It follows equally that the constitutional provision [of cross-examination] does not exclude evidence admissible by way of *exception to the Hearsay rule. Op. cit.* § 1398, at 141.

The particular hearsay exception offered here by the Government in order to introduce into evidence the admission in question is the "concert of action" exception.[1] This is a long-recognized exception, although its genesis in this country is based on the application of certain fictional principles of agency and joint enterprise to an evidentiary problem. See Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 249, 38 S. Ct. 65, 62 L.Ed. 260 (1917).

The general rule seems to be that admissions and statements of a co-defendant may be admissible as against another defendant, in the absence of a conspiracy count in the indictment, if there is sufficient independent evidence of a concert of action between the defendants. *E. g.*, Kay v. United States, 421 F.2d 1007, No. 23,455 (9th Cir. Feb. 10, 1970); Davis v. United States, 409 F.2d 1095, 1100 (5th Cir. 1969);[2] United States v. Rinaldi, 393 F.2d 97, 99 (2d Cir. 1968), cert. den., 393 U.S. 913, 89 S.Ct. 233, 21 L.Ed.2d 198 (1968); United States v. Smith, 343 F.2d 847, 849–850 (6th Cir. 1965); cert. den., 382 U.S. 824, 86 S.Ct. 55, 15 L.Ed.2d 69 (1965); Ortiz v. United States, 318 F.2d 450, 451–452 (9th Cir. 1963), cert. den. 376 U.S. 953, 84 S.Ct. 971, 11 L.Ed.2d 972 (1964); Williams v. United States, 289 F.2d 598, 601 (9th Cir. 1961); Fuentes v. United States, 283 F.2d 537, 539–540 (9th Cir. 1960).

Accordingly, the court is left with only two questions to answer with respect to the motions of Zentgraf, Schraps, and Ross. First, is there sufficient independent evidence of a concert of action between these defendants and the declarant defendant, Huber? Second, is the concert of action exception sill viable in the light of *Bruton* and other related Supreme Court cases bearing on the trial rights of an accused?

The affidavits of the Government agents who effected the arrests in this case are sufficient to establish a concert of action between Zentgraf, Schraps, Ross and Huber. The first three defendants were also in Huber's presence when he made the admission in

---

1. Although similar to the exception for statements made during the course of a conspiracy and in furtherance thereof, the conspiracy exception is not available here to the Government because none of the defendants is charged with conspiracy. The Supreme Court has held that hearsay evidence received under the conspiracy exception is not inadmissible because it denied a defendant his right to confrontation. Delaney v. United States, 263 U.S. 586, 590, 44 S.Ct. 206, 68 L.Ed. 462 (1924).

2. The court in *Davis* invoked the exception only insofar as it made admissible the *acts* of the other defendant(s).

question, and there is no evidence that any of the defendants said or did anything inconsistent with or in refutation of Huber's alleged admission. Therefore, the court answers the first question posed in the affirmative.

The second question raises considerably more serious jurisprudential problems. Recent Supreme Court decisions have emphasized and expanded the rights of accused persons in recognition of their right to a fair trial. Not the least of these rights is that of confrontation and its concomitant, cross-examination. In Smith v. Illinois, 390 U.S. 129, 131, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968), for instance, the Supreme Court reaffirmed that, in certain situations, the denial of the right of an accused to cross-examination would be constitutional error of the first magnitude for which no amount of a showing of want of prejudice would cure.

■ Nonetheless, it appears that incantations of "res gestae"[3] or "concert of action" are sufficient to overcome the constitutional right of cross-examination. A majority of the courts, including the Ninth Circuit, which have considered the problem have so found, and have answered the question left unresolved by the Supreme Court in the footnote to Bruton cited above. See, e. g., Howell v. United States, 300 F.Supp. 1017, 1019 (N.D.Ill.1969), where the court found the right to confrontation not to be absolute, but rather an integral aspect of the general rule against admission of hearsay.

The decisions most persuasive in this regard are Reyes v. United States, 417 F.2d 916, No. 22,164 (9th Cir. Nov. 3, 1969) and Kay v. United States, 421 F. 2d 1007, No. 23,455 (9th Cir. Feb. 10, 1970). In Reyes, the court found the Bruton principle not to be violated by the admission into evidence of statements by one defendant against a co-defendant, although the co-defendant had not been present when the alleged statements had been made, and although the co-defendant had been unable to cross-examine the declarant defendant.[4] Similarly, the court in Kay found that the concert of action exception would suffice to introduce into evidence against one defendant the ex parte statement of a co-defendant, without violating the Bruton principle.

■ As indicated at the outset, the results reached in Chee, Reyes, Kay, and some other recent cases, forces the court to hold against Zentgraf, Schraps, and Ross on their present motion for severance. What the court finds disturbing is the failure of some courts to appreciate the irremedial prejudice that such results have on the rights of an accused where, as in the present case, he is faced with two constitutional barriers. In order to rebut the force of an incriminating statement given by a co-defendant, the accused must waive his privilege not to take the stand. Furthermore, he can under no circumstances confront and cross-examine the declarant defendant unless the latter voluntarily chooses to waive his right not to take the stand and does not disavow the incriminating statement. See O'Neil v. Nelson, 422 F.2d 319 (9th Cir. Jan. 26, 1970); Townsend v. Henderson, 405 F.2d 324, 329 (6th Cir. 1968). Cf. United States v.

3. In United States v. Chee, 422 F.2d 52 (9th Cir. Jan. 20, 1970), the court held that it was not error for an alleged rape victim to testify to the statement of one of the two defendants, "We are going to rape you," such statement also being used against the non-declarant defendant. The non-declarant defendant there had
[C]ontend[ed] that allowing this statement violated the rule set down in Bruton * * * in that Roanhorse was not present at the trial and was

therefore not subject to cross-examination. This statement was made in Chee's presence and during the actual joint commission of the offense. It was properly admissible as part of the res gestae. [Citations omitted.]

4. The court noted that the concert of action theory had not even been offered at the trial where, instead, the incriminating statement had not been regarded as hearsay at all.

Allen, 409 F.2d 611, 613–614 (10th Cir. 1969).

 The recent decisions interpreting *Bruton,* however, do not force the court to the same conclusion with respect to Guillory. He was not present when Huber's alleged admission was made, nor is there any proof of his prior connection or transactions with the other defendants before he in fact came into the room where they were. Clearly, this presents a situation where the fiction upon which the concert of action exception is based becomes stretched so thin as to be entirely unreasonable. Since the recent Ninth Circuit decisions are not to the contrary, and in order to prevent manifest prejudice, Guillory's trial should be severed from that of the other defendants. The court is not unmindful of the fact that Guillory has only been charged in two counts of a four count indictment, and therefore severance is further called for on this account.

The court is not called upon to decide which weighs most heavily in the balance between a fundamental constitutional right and a rule of evidence—Professor Wigmore and those following after seem already to have resolved that conflict. However, it seems unfortunate that this resolution appears not to be in keeping with the liberal trend evinced by the Supreme Court in its recent decisions respecting the rights of accused persons.

### 2. *Severance of Counts*

An examination of recent Ninth Circuit opinions leads the court to the conclusion that the motions of Zentgraf, Schraps, and Ross to sever their trials on certain counts, must be denied. The court need not pass on Guillory's motion to this effect, since the granting of a separate trial will obviate his problems in this regard.

### 3. *Conclusion*

The motions of Zentgraf, Schraps, and Ross to sever their trials and to sever as to certain counts are denied;

The motion of Guillory to sever his trial from that of the other defendants is granted.

It is so ordered.