**UNITED STATES of America,**
**Plaintiff,**

v.

**Ernie ASHLOCK and Edward Funk,**
**Defendants.**

**Crim. A. No. 73CR230–W–3.**

United States District Court,
W. D. Missouri, W. D.

Feb. 5, 1974.

Robert G. Ulrich, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

James R. Wyrsch, Kansas City, Mo., for defendant Ashlock.

ORDER DENYING DEFENDANT ERNIE ASHLOCK'S "MOTION FOR RELIEF FROM PREJUDICIAL JOINDER"

WILLIAM H. BECKER, Chief Judge.

On December 14, 1973, counsel for defendant, Ernie Ashlock, filed herein a "Motion for Relief From Prejudicial Joinder," including therewith suggestions in support thereof. In his suggestions, defendant Ashlock makes three contentions in support of his motion for severance:

"1. Count I of the Indictment charges the defendant and co-defendant Funk with conspiracy to violate the narcotic laws. The Indictment alleges three overt acts. Defendant Ashlock allegedly participated in only two, whereas defendant Funk participated in three. Upon information and belief, defendant states that all such conversations were recorded. If defendants Funk and Ashlock are tried together on Count I, then statement made by Funk may be admitted even thought (sic) defendant Ashlock was not present. Therefore, Bruton v. U. S., 391 U.S. 123 [88 S.Ct. 1620, 20 L. Ed.2d 476] (1968) problems may exist.

"2. If Defendants Funk and Ashlock are tried together Defendant Ashlock will be prejudiced for the reason that in the two alleged instances wherein Ashlock allegedly conspired to violate the narcotic laws, it is not alleged that Ashlock distributed any controlled substance. However, Funk in overt act number 3 is alleged to have distributed one gram of cocaine. The evidence as alleged would appear to be overwhelming against Funk, and the jury may be unduly influenced by the evidence against him in determining the guilt or innocence of Ashlock. U. S. v. Varelli, 407 F.2d 735 [7 Cir.].

"3. With respect to the matter of a joint trial of both defendants on Count I and Count II, defendant respectfully suggests to the Court that Count II only involves defendant Funk and does involve a distribution of cocaine. Should this evidence be introduced against defendant Ashlock, the jury may be prejudiced in determining the guilt or innocence of Ashlock. It has been the practice in this jurisdiction of separating the substantive from the conspiracy counts and trying separately the conspiracy and the substantive charges. U. S. v. Varelli, supra."

On January 25, 1974, plaintiff filed herein suggestions in opposition to de-

fendant Ashlock's motion for severance and a separate trial.

Defendant Ashlock states that both defendants have been charged with conspiracy to violate the narcotic laws. He further states that the indictment alleges "three overt acts" and that defendant ". . . Ashlock allegedly participated in only two, whereas defendant Funk participated in three." By the above statements, defendant Ashlock apparently contends, initially, that there has been a misjoinder of defendants under Rule 8(b) of the Federal Rules of Criminal Procedure. Rule 8(b) states, in respect to joinder of defendants, as follows:

> "Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and *all of the defendants need not be charged in each count*." (Emphasis added.)

Defendant's *misjoinder contention* appears to be adequately rebutted by Rule 8(b) itself in that the Rule specifically states that the ". . . defendants may be charged in one or more counts together or separately and *all of the defendants need not be charged in each count*." *See* Williams v. United States, 416 F.2d 1064, 1069 (8th Cir. 1969). (Emphasis added.) It has long been the law that a conspiracy count may properly be joined with substantive counts where the offenses are of the same or similar character and are based upon two or more acts or transactions connected together. Schaffer v. United States, 362 U.S. 511, 514, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960); Miller v. United States, 410 F.2d 1290, 1294 (8th Cir. 1969); United States v. Leach, 429 F.2d 956, 960 (8th Cir. 1970). Further, a party to a continuing conspiracy may be responsible for a substantive offense committed by co-conspirator in furtherance of the conspiracy, even though that party does not participate in the substantive offense or have knowledge of it. Pinkerton v. United States, 328 U.S. 640, 645-648, 66 S.Ct. 1180, 90 L.Ed. 1489, 1495-1496 (1946).

▮ The indictment charges that on September 5, 1973, both defendants distributed a substance consisting of benzocaine and procaine to Larry Williams and advised Williams that they had eight ounces of cocaine that they wished to sell. The indictment further charges defendant Funk with distributing said cocaine to Larry Williams on September 21, 1973. The alleged distribution of cocaine by Funk on September 21, 1973, reasonably arose out of a connected series of acts concerning both defendants, including the meeting of both defendants with Larry Williams on September 5, 1973. "This is enough to satisfy Rule 8(b) of the Federal Rules of Criminal Procedure." United States v. Roell and Manning, 487 F.2d 395, 402 (8th Cir. 1973). There has been no error in the joinder of defendants under Rule 8(b).

Having found that there has been no misjoinder of offenses or defendants under Rule 8, it is further necessary to determine whether sufficient prejudice may exist to require a severance under Rule 14 of the Federal Rules of Criminal Procedure. Tillman v. United States, 406 F.2d 930, 934 (5th Cir. 1969), vacated in part on other grounds, 395 U.S. 830, 89 S.Ct. 2143, 23 L.Ed.2d 742 (1969). Rule 14 of the Federal Rules of Criminal Procedure provides, in part, as follows:

> "If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. . . ."

▮ The existence and extent of prejudice in regard to the joinder of offenses or defendants depends, in large measure, upon the facts and circum-

stances of each case. Williams v. United States, 416 F.2d 1064, 1070 (8th Cir. 1969); Tillman v. United States, *supra.* In determining whether the facts and circumstances of a particular case warrant the granting of severance and separate trials, the trial court is vested with a wide range of discretion. United States v. Sanders, 463 F.2d 1086, 1089 (8th Cir. 1972); United States. v. Mc-Kuin, 434 F.2d 391, 396 (8th Cir. 1970); United States v. Christian, 427 F.2d 1299 (8th Cir. 1970); United States v. Schroeder, 433 F.2d 846, 851 (8th Cir. 1970), cert. denied, 401 U.S. 943, 91 S. Ct. 951, 28 L.Ed.2d 224 (1971). The defendant is charged with the burden of clearly demonstrating that such prejudice exists so as to warrant the granting of a motion for severance and separate trials. Kane v. United States, 431 F.2d 172, 177 (8th Cir. 1970); United States v. Roell and Manning, *supra*; Williams v. United States, *supra*; Tillman v. United States, *supra.* "More must be shown under Rule 14 of the Federal Rules of Criminal Procedure than that severance might afford an increased chance of acquittal." United States v. Guy, 456 F.2d 1157, 1160 (8th Cir. 1972); Williams v. United States, 416 F.2d 1064, 1069–1070 (8th Cir. 1969); United States v. Long, 449 F.2d 288, 295 (8th Cir. 1971).

In support of his motion, defendant Ashlock first contends that various "conversations" were recorded and that "[i]f defendants Funk and Ashlock are tried together on Count I, then statement made by Funk may be admitted even thought (sic) defendant Ashlock was not present. Therefore, Bruton v. U. S., 391 U.S. 123 [88 S.Ct. 1620, 20 L. Ed.2d 476] (1968) problems may exist."

Under circumstances presently shown to exist, defendant's reliance on the case of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) is misplaced. In the *Bruton* case, a postal inspector testified during a joint trial to an oral confession·made by defendant Evans that Evans and Bruton had committed the armed postal robbery. Evans did not testify and the trial court instructed the jury that although Evans' confession was competent evidence against Evans, it was inadmissible hearsay against Bruton and must be disregarded as to Bruton. Both were convicted. The United States Court of Appeals for the Eighth Circuit set aside Evans' conviction. On *certiorari*, the Supreme Court of the United States reversed. The Supreme Court held that since Evans did not testify, the introduction of his *confession* added substantial weight to the government's case in a form not subject to cross-examination, thereby violating Bruton's Sixth Amendment rights of cross-examination. The Supreme Court further held that this encroachment on Bruton's constitutional right could not be remedied by a jury instruction to disregard the confession as to Bruton. On this latter holding, the Court expressly overruled Delli-Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957).

■■ The record presently fails to disclose and defendant Ashlock fails to state that any alleged *confession* by Funk has been made or that any attempt will be made to offer such a confession into evidence. Further, statements of co-conspirators made in furtherance of and during a conspiracy are admissible against co-conspirators not present at the time of the declaration under a well-established exception to the hearsay rule. Lutwak v. United States, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593 (1953), reh. denied, 345 U.S. 919, 73 S.Ct. 726, 97 L.Ed. 1352 (1953); Delaney v. United States, 263 U.S. 586, 590, 44 S.Ct. 206, 68 L.Ed. 462, 465 (1924); United States v. Richardson, 477 F.2d 1280, 1282–1283 (8th Cir. 1973); United States v. Schroeder, 433 F.2d 846 (8th Cir. 1970), cert. denied, 401 U.S. 943, 91 S.Ct. 951, 28 L.Ed.2d 224 (1971) and sub nom., Allen v. United States, 400 U. S. 1024, 91 S.Ct. 590, 27 L.Ed.2d 636 (1971). This rule has been held to apply even in the absence of a conspiracy charge so long as there is independent evidence of concert of action. *See*, Unit-

ed States v. Sanders, 463 F.2d 1086 (8th Cir. 1972); United States v. Reed, 446 F.2d 1226 (8th Cir. 1971). "Unlike *Bruton,* we are not confronted with admission into evidence of an out-of-court confession made by one defendant which implicated his codefendant. All we have here are statements of one defendant (Kane) uttered during the perpetration of the offense . . . ." Kane v. United States, 431 F.2d 172, 177 (8th Cir. 1970). Defendant's first contention respecting any alleged "statements," the details of which defendant Ashlock fails to state, is without merit.

In his second contention, defendant Ashlock asserts that ". . . the jury may be unduly influenced by the evidence against him in determining the guilt or innocence of Ashlock. U. S. v. Varelli, 407 F.2d 735."

Defendant's reliance on the Seventh Circuit case of United States v. Varelli, 407 F.2d 735 (7th Cir. 1969) is misplaced. In the *Varelli* case, two conspiracies were proved instead of the one charged. Further, the jury was not properly instructed in order that they could find multiple conspiracies and still find the defendants guilty. Without being properly instructed, it was possible for the jury to transfer guilt from one defendant in one of the conspiracies to another defendant in the other conspiracy, even though the defendant might only be connected to one of the conspiracies.

■■ In the case at bar, one conspiracy is alleged. The third overt act alleged in Count I of the indictment would appear to be an act in furtherance of the conspiracy and, it is well-established that a party to a continuing conspiracy may be responsible for a substantive offense committed by a co-conspirator in furtherance of the conspiracy, even though that party does not participate in the substantive offense. Pinkerton v. United States, 328 U.S. 640, 645–648, 66 S.Ct. 1180, 90 L.Ed. 1489, 1495–1496 (1946). Defendant has failed to meet his heavy burden in clearly establishing sufficient prejudice as to

his second contention to warrant the granting of relief.

In his third and final contention, defendant Ashlock asserts that "the jury may be prejudiced in determining the guilt or innocence of Ashlock" in that the conspiracy counts are not being separated from the "substantive charges." In support thereof, defendant cites the *Varelli* case. Defendant's reliance is again misplaced.

■ As stated above, a conspiracy count may properly be joined with substantive counts where it is alleged and established that such offenses are of the same or similar character and are based upon two or more acts or transactions connected together. See authorities cited above. The third overt act charged in Count I alleges the same act as set forth in Count II of the indictment. The evidence upon which the overt act in Count I is based is the same or similar evidence that would establish Count II. The act charged in Count I is alleged to be done in furtherance of the conspiracy, thereby involving defendant Ashlock as a conspirator.

Further, on the record as it now exists, defendant Ashlock has failed to demonstrate that any evidence introduced in the trial would be inadmissible in separate trials of the defendants. United States v. Evans, 447 F.2d 129, 133 (8th Cir. 1971). In light of defendant's failure to establish misjoinder under Rule 8(b), the joinder of defendants for trial is ". . . not invalidated by [any] lack of individual participation by all defendants in all of the crimes charged." Williams v. United States, 416 F.2d 1064, 1069 (8th Cir. 1969). Defendant's third contention is without merit.

■ Defendant has presented to this Court three general contentions, unsupported by any significant factual circumstances or applicable legal authorities. Such unsupported and conclusory allegations do not make a case of prejudicial joinder. United States v. Guy, 456 U.S. 1157, 1160 (8th Cir. 1972); *see*

*also*, United States v. Roell and Manning, 487 F.2d 395, 402 (8th Cir. 1973). Defendant has failed to meet his burden of clearly demonstrating that prejudice would result to him to such an extent, under the facts and circumstances presently shown to exist in the case at bar, that severance of defendants and separate trials is warranted.

If, during further proceedings, grounds for severance and separate trial of defendant Ashlock appear, a renewed appropriate motion or motions can be made for orders of severance and separate trial.[1]

For the foregoing reasons, it is therefore

ORDERED that defendant Ashlock's "Motion for Relief from Prejudicial Joinder" be, and it is hereby, denied without prejudice to a possible motion for mistrial and severance if during further pretrial proceedings and trial prejudice becomes apparent.

1.  *Cf.* Schaffer v. United States, 362 U.S. 511, 516, 80 S.Ct. 945, 4 L.Ed.2d 921, 925 (1960).