915 F.2d 1570
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. ALEXANDER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-1248.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1990.
 
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Robert Alexander moves for bail and appeals from the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. Following a jury trial, Alexander received various sentences including eight years imprisonment, a special parole term, a fine, and a special assessment.
 
 
 3
 In this motion, Alexander claimed that his counsel was ineffective for failing to bring his mental condition to the trial court's attention, failing to object to certain evidentiary matters and prosecutorial misconduct, failing to investigate and interview certain government witnesses, and other alleged misconduct. He further claimed that his conviction was obtained by use of evidence from an unconstitutional search and seizure. Alexander also alleged that the sentencing judge improperly failed to disqualify himself from the case and improperly denied the appointment of counsel. The court denied the motion for failure to prove that his sentence was illegal and declined to disqualify itself from further proceedings.
 
 
 4
 On appeal, Alexander argues that his Sec. 2255 motion was improperly denied because the judge failed to consider his alleged mental illness and the grounds raised in the district court.
 
 
 5
 Upon consideration, we conclude that the district court's order should be vacated and the case remanded for additional proceedings. Upon remand, rather than restrict its Sec. 2255 review only to the imposition of sentence, the district court will consider the merits of the claims Alexander raised in his 28 U.S.C. Sec. 2255 motion, as he seeks to challenge his conviction and imposition of his sentence. See generally Williams v. United States, 416 F.2d 1064, 1066 (8th Cir.1969) (the extent of review of a motion to vacate is substantially the same as that available by habeas corpus). The court must decide whether Alexander established that he was denied a substantive right, or whether there was a defect in the proceedings which was inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783 (1979).
 
 
 6
 For these reasons, the motion for bail is denied and the district court's order of January 26, 1990, is hereby vacated, and the case remanded for further proceedings consistent with this order. Rule 9(b)(6), Rules of the Sixth Circuit.