SOLI CORPORATION, SOLI AOLAOLAGI, and MARK
MEREDITH, Appellants

v.

AMERIKA SAMOA BANK, DEVELOPMENT BANK OF
AMERICAN SAMOA, and UNITED STATES SMALL BUSINESS
ADMINISTRATION, Appellees

High Court of American Samoa
Appellate Division

AP No. 8-93

December 15, 1993

Before KRUSE, Chief Justice, CANBY,* Acting Associate Justice,
MUNSON,** Acting Associate Justice, VAIVAO, Associate Judge.

Counsel: For Appellants, Roy T. Chikamoto and Gata E. Gurr
 For Appellee Amerika Samoa Bank, William H.
 Reardon
 For Appellee Development Bank of American Samoa,
 Marshall Ashley
 For Appellee United States Small Business
 Administration, Roy J.D. Hall, Jr.

---

* Honorable William C. Canby, Jr., Circuit Judge, United States Court of Appeal for
the Ninth Circuit, serving by designation of the Secretary of the Interior.

** Honorable Alex R. Munson, Chief Judge, United States Court of Appeal for the
Ninth Circuit, serving by designation by the Secretary of the Interior.

KRUSE, Chief Justice

Order on Motion for Rehearing:

On November 29, 1993, appellants filed a petition for rehearing under A.C.R. 40. For the following reasons, their petition is denied.

■ The allegations of error are essentially arguments rejected by the Appellate Division in its Opinion and Order of November 15, 1993. Appellants continue to dispute the requirement that a motion for a new trial is a jurisdictional prerequisite for an appeal, under A.S.C.A. § 43.0802; A.C.R. 4 (a)(1). Merely disagreeing with the court's reading of the applicable statutes, rules, and case law, though, is not a basis for granting a rehearing.

■ Appellants do point out that an associate judge on the appellate panel also heard the case at the trial level, in violation of A.S.C.A. § 3.1007(b). However, this does not justify the petition for rehearing. First, a quorum for the appellate division consists of two justices and one associate judge. A.S.C.A. § 3.0220. A quorum was present even without Judge Mailo. Second, the decision of the court was unanimous, so his participation was not determinative. In any event, it is the vote of two of the justices which is controlling if any differences exist among the justices and associate judges of an appellate panel (with the exception of land and matai-title cases). A.S.C.A. § 3.0221.

■ Finally, appellants failed to object to the presence on the appellate panel of a judge who also sat on a portion of the proceeding below. In these circumstances, it is difficult to resist the conclusion that appellants' counsel wanted to see the outcome of the appeal before deciding to raise this violation. Such a posture is improper. As such, some courts have even stated that a failure to timely raise such an objection until after the appellate decision was announced constituted a waiver. *See Lee v. United States*, 91 F.2d 326, 332 (5th Cir. 1937) (regarding predecessor to 28 U.S.C. § 47); *see also Delaney v. United States*, 263 U.S. 586, 589 (1924) (while perhaps not a waiver of a law intended to keep courts unbiased, "yet it would seem that [appellant] should not be permitted to assume the competency of the tribunal to decide for him and its incompetency to decide against him."). Thus, appellants have failed to demonstrate prejudice, so any error was harmless.

Appellants' petition for rehearing is denied.

It is so ordered.