**Jose L. MARTINEZ, Petitioner–Appellant,**

v.

**Gary McCAUGHTRY, Respondent–Appellee.**

No. 90–3342.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 12, 1991.

Decided Dec. 17, 1991.

William J. Tyroler, Office of State Public Defender, Madison, Wis. (argued), for petitioner-appellant.

Marguerite M. Moeller, Asst. Atty. Gen., Wisconsin Dept. of Justice, Madison, Wis. (argued), for respondent-appellee.

Before CUMMINGS, WOOD, Jr., and CUDAHY, Circuit Judges.

CUMMINGS, Circuit Judge.

Jose Martinez appeals the district court's denial of his habeas corpus petition. 28 U.S.C. § 2254. He asserts that his confrontation clause rights were violated as the result of the erroneous admission of hearsay statements of his co-defendant. Because we find that the challenged statements were not hearsay, we affirm the district court.

## I. BACKGROUND

At a joint trial a Wisconsin jury found Jose Martinez guilty of attempted murder and endangering safety with a dangerous weapon. 150 Wis.2d 62, 440 N.W.2d 783 (1989). Jose's brother, John, was convicted of being a party to these crimes. 150 Wis.2d 47, 441 N.W.2d 690 (1989). Jose claims that his Sixth Amendment right to confront adverse witnesses, applicable to the states through the Fourteenth Amendment (*Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923), was violated when the state court admitted John's hearsay statements into evidence.[1] Jose did not have an opportunity to cross-examine John, who declined to testify.

Jose had objected to the admissibility of John's statements before trial, and he objected again in a post-trial motion. Prior to trial, the court decided that the statements could come in under the co-conspirator exception,[2] but after the state abandoned its conspiracy theory, the court decided that the statements were admissible as present sense impressions. The state appellate and supreme courts upheld the conviction, finding that the statements were actually admissible as excited utterances. *See* 150 Wis.2d 62, 440 N.W.2d 783. The district

---

1. John made the statements during a fight outside a bar. Witnesses testified that John shouted things at the victim, David Quiroz, such as: "I'm going to kill you," "I swear to God, you're going to die," "we know where you live," "don't make me do this to you," "you're a dead man," and "Quiroz, you fucked up." Bystanders restrained Jose as Quiroz punched John after each threat. Suddenly, John reached into his coat, as if to draw a gun. The bystanders released Jose and attempted to restrain John, when Jose pulled a gun and shot Quiroz. The prosecution introduced the statements against both Jose and John.

2. The court did not specifically mention the co-conspirator exception, however, and may have been relying on a *res gestae* theory, as it admitted the statements because, "those are part of what was going on, and the witnesses are going to testify to and the charge is they were acting in concert, so I don't see any problems with the statements made at the scene." 150 Wis.2d 62, 68, 440 N.W.2d 783.

court agreed with this finding, denying Jose's habeas petition.

## II. ANALYSIS

Under 28 U.S.C. § 2254(a), this court reviews the state court's actions for constitutional error. Habeas relief will not lie for mere errors of state law. *Lewis v. Jeffers*, ⸺ U.S. ⸺, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990); *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 874, 79 L.Ed.2d 29 (1984). The court's role, therefore, is not to decide the narrow issue of whether the challenged statements were admissible under Wisconsin law. Rather, we ask if the admission of the testimony violated Jose's Sixth Amendment right to confrontation.[3] *Puleio v. Rose*, 830 F.2d 1197, 1205 (1st Cir.1987); *Haggins v. Warden, Fort Pillow State Farm*, 715 F.2d 1050, 1057 (6th Cir.1983), *cert. denied*, 464 U.S. 1071, 104 S.Ct. 980, 79 L.Ed.2d 217 (1984).

### A. Statements as Non–Hearsay

Jose argues that the admission of the statements violated his right to confrontation because they were not excited utterances and, therefore, were inadmissible hearsay. The respondent, however, asserts that the statements were not hearsay because they were not admitted for their truth. Rather, the argument continues, the statements were offered only to show that they were made and Jose heard them.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). The statements in this case are not hearsay because they assert nothing.[4] John's utterances may all be characterized as exclamations or threats, but not assertions. "Don't make me do this to you," "you're a dead man," "you're going to die," and similar taunts made by John could not have been offered for any purpose other than to show that John made them and Jose heard them. Evidence offered for these purposes is not hearsay. *United States v. Norwood*, 798 F.2d 1094, 1097 n. 4 (7th Cir.1986); *Donohoe v. Consolidated Operating & Prod.*, 736 F.Supp. 845, 859 (N.D.Ill.1990); Fed. R.Evid. 801(c), Advisory Committee's Note ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."). John's other statements, such as "we know where you live," and "I'm going to kill you," might in some cases be admitted for their truth, but were not so used here. Rather, these were more exclamations, offered to show that John made them and Jose heard them. "When a person's knowledge or state of mind is at issue, evidence that he has heard or read a statement may be relevant, and lies beyond reach of a hearsay objection." 4 D. Louisell & C. Mueller, *Federal Evidence* § 417, at 110 (1980).

Where statements are admissible because they are not hearsay, there is no confrontation clause problem. *Tennessee v. Street*, 471 U.S. 409, 414, 105 S.Ct. 2078, 2081–82, 85 L.Ed.2d 425; *Lee v. McCaugh-*

---

**3.** The Sixth Amendment provides that: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI. This clause "embodies the Framers' preference for face-to-face confrontation of witnesses and accused in the criminal trial." *Sahagian v. Murphy*, 871 F.2d 714, 715 (7th Cir.1989).

**4.** Jose contends that because these statements were originally admitted under a hearsay exception, and not as non-hearsay, this court cannot affirm on the basis that the statements are actually not hearsay. This is incorrect. Jose relies on Justice Cardozo's language that "[a] trial becomes unfair if testimony thus accepted [as hearsay] may be used in an appellate court as

though admitted for a different purpose, unavowed and unsuspected." *Shepard v. United States*, 290 U.S. 96, 103, 54 S.Ct. 22, 25, 78 L.Ed. 196 (1933). That opinion goes on to state that a trial is unfair in this way "when the purpose in reserve is so obscure and artificial that it would be unlikely to occur to the minds of uninstructed jurors[.]" *Id.* at 103, 54 S.Ct. at 25. In the instant case however, it is the non-hearsay use of the statements that is *most* likely to have occurred to the jurors, as it would take some stretching of the imagination to use John's statements for their truth. Thus, this case is distinguishable from the situation imagined in *Shepard*.

*try,* 892 F.2d 1318, 1325 (7th Cir.1990). When a statement is admissible as non-hearsay it cannot, by definition, be used for its truth. The confrontation clause is concerned with protecting the truth-finding process in criminal trials by ensuring that " 'the trier of fact [has] a satisfactory basis for evaluating the truth of the prior statement.' " *Lee,* 892 F.2d at 1324 (quoting *Dutton v. Evans,* 400 U.S. 74, 89, 91 S.Ct. 210, 219, 27 L.Ed.2d 213). Thus, when a statement is not hearsay, because it is not admitted for its truth, the confrontation clause is not implicated. In such cases the Sixth Amendment is satisfied by allowing cross-examination of the witness offering the statements. *See Street,* 471 U.S. at 414, 105 S.Ct. at 2082 ("The Clause's fundamental role in protecting the right of cross-examination was satisfied by [the offering witness's] presence on the stand. If respondent's counsel doubted that Peele's confession was accurately recounted, he was free to cross-examine [the witness].") (citation omitted). Jose had an opportunity to cross-examine the witnesses as to their perception of John's statements, and this was sufficient on the issue of whether the statements were actually made.

In *Lee,* however, this court recognized that statements admitted as non-hearsay could still violate the confrontation clause if there were "complicating circumstances" at trial. 892 F.2d at 1325. For example, complicating circumstances would exist where the prosecutor exploited the non-hearsay statements, using them for their truth, or where the limiting instruction to the jury was inadequate. *Id.*

Neither of these circumstances is present here. First, the prosecutor did not misuse the statements. A review of the prosecutor's closing argument reveals very little use of the statements with respect to Jose, as the state focused on John's culpability and state of mind. *See* Trial Tr., 12–13–86:10–24. Second, even though the jury did not receive a limiting instruction in this case, none was necessary. The jury could not have misused these statements as proof of "the truth of the matter asserted," as John's threats and exclamations made no assertions, and were relevant as to Jose

only to show that he heard them. Under such circumstances, we cannot find that Jose's Sixth Amendment right to confront adverse witnesses was violated.

### B. *Statements as Excited Utterances*

▮ Alternatively, even if the statements were hearsay, we would still affirm. The admission of hearsay statements does not violate the confrontation clause if the prosecution shows: (1) the declarant is unavailable, and (2) the statements bear adequate "indicia of reliability." *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980). John exercised his right to remain silent at trial and therefore was unavailable. *See* Fed.R.Evid. 804(a)(1). Reliability may be inferred where the evidence falls within "a firmly rooted hearsay exception." *Id.* The excited utterance exception is considered firmly rooted. *Idaho v. Wright,* — U.S. —, 110 S.Ct. 3139, 3146, 111 L.Ed.2d 638; *Webb v. Lane,* 922 F.2d 390, 393 (7th Cir.1991); *Ferrier v. Duckworth,* 902 F.2d 545, 548 (7th Cir. 1990).

▮ Though this would seem to end the inquiry, there is still the danger that, by relying too heavily on the labels used by a state court, a federal court could abdicate its duty to investigate whether a statement actually was reliable. *Puleio,* 830 F.2d at 1207. Thus, we go beyond the inference of reliability, looking to the record to see if it supports admission under this exception. *See id.; see also Webb,* 922 F.2d at 393–94, and *Smith v. Fairman,* 862 F.2d 630, 635–36 (7th Cir.1988) (both examining the factual basis for admitting excited utterances, despite the allowable inference that such statements are reliable).

▮ The excited utterance exception is premised on the belief that a declarant is unlikely to fabricate statements while under the stress of a startling event. 4 J. Weinstein & M. Berger, *Weinstein's Evidence,* ¶ 803(2)[01], at 803–86 (1991). The exception has three requirements: (1) there must be a startling event or condition, (2) the statement must occur while the declarant is under the stress or excitement

caused by the event or condition, and (3) the statement must relate to the startling event or condition. *United States v. Moore*, 791 F.2d 566, 570 (7th Cir.1986). Jose argues that the challenged statements were not excited utterances because: (1) the fight was not a startling event, and (2) the prosecution's theory that John was acting deliberately and sending signals to Jose at the time of the statements is irreconcilable with the court's finding that John's statements were reliable because they were excited utterances.

■■■■■ The state courts and district court found that the fight, outside a bar at night, was a startling event. This is a supportable conclusion. Though John provoked the fight, startling events need not be completely unexpected, so long as the declarant is actually startled. *United States v. Moore*, 791 F.2d 566, 571 n. 2 (7th Cir.1986); *But see United States v. Knife*, 592 F.2d 472, 481 n. 10 (8th Cir.1979) (noting that a defendant's statement after a pre-planned assault was unlikely to qualify as an excited utterance). Just prior to the statements, John and David Quiroz were wrestling on the floor of the bar, and John was swinging his fists and kicking even when they were separated, and at that time he threatened Quiroz's life. Trial Tr., 12–10–86:95–96. John continued to make threats as Quiroz and others pushed him and Jose outside. *Id.* at 97–98. Quiroz responded to each threat by punching John, who kept coming back for more. Though John was not an innocent bystander, the facts do support a finding that he was startled or excited at the time of the statements.

■■■■ Even if John was startled, Jose contends that John lacked the requisite mental state for an excited utterance. Jose maintains that the jury convicted John because it believed the state's theory that John's feint toward his jacket was an intentional act, aimed at freeing Jose to shoot Quiroz. As this feint came close on the heels of the challenged statements, John must have had the same mental state for both the feint and the statements. But, the argument proceeds, the intent required to aid and abet another and the spontaneity required for an excited utterance are mutually exclusive, and therefore admitting the statements was an error.

This theory has two holes. First, a declarant could be aware of the import of his or her actions while at the same time being so excited as to be unlikely to fabricate. *See Webb*, 922 F.2d at 393; *Gross v. Greer*, 773 F.2d 116, 120 (7th Cir.1985) (statements in response to police questions could be excited utterances). Courts need not make a specific finding that the declarant was entirely incapable of deliberative thought at the time. "All that the exception requires is that the statement be made contemporaneously with the excitement resulting from the event." *Smith*, 862 F.2d at 636 (quoting *Moore*, 791 F.2d at 572 n. 4). John threatened Quiroz while still excited by the ongoing fight, and therefore the state court's finding that these were excited utterances is supported by the record.

■■■■ Second, even if the jury did believe John's feint was an intentional attempt to aid Jose, the appellate court was not bound by this in finding the statements were excited utterances. By way of comparison, in *United States v. Robinson*, 651 F.2d 1188 (6th Cir.1981) and *United States v. Papia*, 409 F.Supp. 1307 (E.D.Wis.), *aff'd* 560 F.2d 827 (7th Cir.1976), the court's admission of hearsay under the co-conspirator exception did not violate the confrontation clause, even though the jury found no conspiracy and convicted only on the substantive count. Thus, the fact that a jury gives little weight to evidence or interprets it in an unexpected manner does not mean that the court must reshape its rulings to comport with the jury's findings.

## CONCLUSION

For the above reasons, the decision of the district court is

AFFIRMED.