966 F.2d 1456
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James H. HIGGASON, Jr., Petitioner-Appellant,
v.
Jack R. DUCKWORTH and Indiana Attorney General, Respondents-Appellees.
 No. 90-2704.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 19, 1992.*
Decided June 9, 1992.
 
 Before CUMMINGS and CUDAHY, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 James Higgason petitioned the district court for a writ of habeas corpus, 28 U.S.C. § 2254, claiming that an Indiana trial court violated his right to confrontation, admitted evidence tainted by an illegal search, and improperly sentenced him as an habitual offender. The district court denied the petition, and we affirm.
 
 I. BACKGROUND
 
 2
 In September of 1985, two individuals informed Officers Gima and Detterline of the Whiting, Indiana police force that a man was entering garages in the Whiting area. Higgason v. State, 523 N.E.2d 399 (Ind.1988). The informants provided a description of the man and information about his automobile and license plate. Based on this information, the officers conducted a search which led to Higgason.
 
 
 3
 At Higgason's subsequent burglary trial, he requested a suppression hearing outside the presence of the jury. At the hearing, Higgason alleged that Officers Detterline and Gima lacked probable cause for their search. In response to these allegations, Officer Gima explained the reasons for conducting the search, including his conversation with the informants. Higgason objected to any discussion of the informants, arguing that their statements were inadmissible hearsay. The trial judge overruled the objection and denied the motion to suppress.
 
 
 4
 Officer Gima also testified during the trial. The court did not permit Gima to relate the substance of his conversation with the informants but allowed him to refer to the informants generally. Gima testified only that he spoke with "individuals" about Higgason's case before beginning his search.
 
 
 5
 Higgason was convicted of burglary. Because the burglary was Higgason's fourth felony conviction, he was sentenced under the Indiana Habitual Offender Act, Ind.Code § 35-50-2-8, a statute providing enhanced penalties for offenders convicted of two or more prior unrelated felonies. To prove the prior felonies, the state introduced "face sheets" for all three convictions. It also introduced photographs of Higgason which were taken during his imprisonment for the third felony. The jury considered this evidence and concluded Higgason was a habitual offender.
 
 
 6
 After sentencing, Higgason appealed directly to the Supreme Court of Indiana raising several issues including whether: (1) the state properly proved his habitual offender status, (2) the judge violated the confrontation clause by allowing evidence about the informants, and (3) the officer's stop and subsequent arrest of Higgason was legal. The Supreme Court rejected Higgason's claims.
 
 
 7
 Higgason then pursued habeas corpus relief in federal district court. 28 U.S.C. § 2254. The district court denied the petition and Higgason appeals, again raising the three issues.
 
 II. ANALYSIS
 
 8
 A. The Trial Court Properly Found Higgason a Habitual Offender.
 
 
 9
 Higgason argues that the jury lacked sufficient evidence to find him a habitual offender. In Indiana, a jury may make such a finding if "the state has proven beyond a reasonable doubt that the person had accumulated two prior unrelated felony convictions." Ind.Code § 35-50-2-8 (1985); Williams v. Duckworth, 738 F.2d 828, 831 (7th Cir.1984). Although habitual offender status is defined by state law, we have noted that "a sufficiency of the evidence challenge to a state court finding that a person is a recidivist is cognizable in a federal habeas proceeding." Id.
 
 
 10
 Jackson v. Virginia, 443 U.S. 307 (1979), establishes the standard of review for sufficiency of the evidence claims. Under Jackson, our inquiry is whether a "rational trier of fact could have found [relevant facts] beyond a reasonable doubt." Id. at 324. We can only reverse a jury's findings "if the defendant can establish that the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. [citations omitted]" United States v. Dawn, 900 F.2d 1132, 1137 (7th Cir.), cert. denied, 111 S.Ct. 368 (1990).
 
 
 11
 In Higgason's case, we are convinced that a rational jury could find habitual offender status beyond a reasonable doubt. The state introduced evidence of three prior convictions: a 1970 theft conviction, a 1972 theft conviction, and a 1975 second-degree murder conviction. Contrary to Higgason's claim, the state's documentation does prove that he was the same James Higgason, Jr. who committed the three crimes.
 
 
 12
 As proof of the murder conviction, the state entered an indictment, sentencing order, commitment order, and prison documentation. The state also introduced fingerprints and photographs taken during Higgason's incarceration. The photographs provide a link between the James Higgason who appeared at trial and the man named in the prison documents.
 
 
 13
 We must assume, because Higgason did not object at trial, that the pictures depict the same man who appeared at trial. See also United States v. Nesbitt, 852 F.2d 1502, 1509 (7th Cir.1988) (the petitioner bears the burden of proving the facts relevant to a sufficiency of the evidence claim). As well as showing Higgason's face, the pictures give his prison identification number. This number corresponds to prison documentation showing that Higgason was convicted of murder.
 
 
 14
 To prove the thefts, the state introduced an indictment, sentencing order, and presentence "face sheet" for each offense. The face sheets give a date of birth, 2/21/50, which is the same birth date appearing under Higgason's prison photographs. The identical dates allow a jury to assume that the James Higgason who appeared at trial was convicted of the thefts.
 
 
 15
 Higgason nonetheless argues that this evidence is inadequate and cites Indiana cases which require very specific methods of proving past convictions. We are not compelled to follow these cases, as this court's function is to remedy constitutional violations, not to interpret and apply state law. Bates v. McCaughtry, 934 F.2d 99 (7th Cir.), cert. denied, 112 S.Ct. 318 (1991); Fagan v. Washington, 942 F.2d 1155, 1158 (7th Cir.1991). We have fulfilled this function by analyzing Higgason's case under Jackson v. Virginia.
 
 
 16
 B. Introducing Limited Information About the Police Informants did not Violate the Confrontation Clause.
 
 
 17
 Higgason also alleges that the "the state relied upon specific hearsay, that allegedly implicated Higgason in criminal activity, purportedly provided by two anonymous informants, but denied Higgason the right to confront and cross examine [sic] the anonymous informants, and thereby challenge whether the police had reasonable suspicion to warrant the initial police intrusion." We interpret this argument to raise two confrontation clause challenges: (1) that the police relied on anonymous informants to provide probable cause for their search, and (2) that a police officer who testified at trial improperly referred to the informants in the presence of the jury.
 
 
 18
 Higgason's first challenge is meritless. Police may rely on the statements of informants to prove probable cause. Illinois v. Gates, 462 U.S. 213, 241 (1983). It does not matter, for purposes of the confrontation clause, whether these informants are anonymous or whether the statements, if introduced at trial, would be hearsay. Id.; United States v. Harris, 403 U.S. 573, 584-85 (1971).
 
 
 19
 Similarly invalid is Higgason's claim that Officer Gima violated the confrontation clause by mentioning the informants in the jury's presence. Such testimony generally only violates the confrontation clause if it is hearsay. Tennessee v. Street, 471 U.S. 409, 414 (1985); Martinez v. McCaughtry, 951 F.2d 130, 134 (7th Cir.1991); Lee v. McCaughtry, 892 F.2d 1318, 1325 (7th Cir.1990). Hearsay is defined as "a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted." Martinez v. McCaughtry, 951 F.2d 130, 133 (7th Cir.1991).
 
 
 20
 Officer Gima did not provide hearsay testimony. Although he testified that he spoke with the informants, he never revealed the substance of the informants' words, and hence did not reveal any "statements." In fact, even if Gima had revealed the statements, his testimony would be non-hearsay. The testimony was not introduced for truth, but "for the limited purpose of explaining why a government investigation was taken." See United States v. Lazcano, 881 F.2d 402, 407 (7th Cir.1989).
 
 
 21
 C. We Cannot Review Higgason's Fourth Amendment Challenges.
 
 
 22
 Finally, Higgason argues that the officers violated his Fourth Amendment Rights by stopping him without reasonable suspicion and then by conducting warrantless searches of his car and home. His claims regarding the warrantless searches are waived because Higgason failed to present them to the district court. Colon v. Schneider, 899 F.2d 660, 670 (7th Cir.1990).
 
 
 23
 Higgason presented his illegal stop argument both in the district court and in the Supreme Court of Indiana, and the Supreme Court's complete and accurate analysis of the argument allowed the district court to dismiss under Stone v. Powell, 428 U.S. 465 (1976). Stone holds: "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." Id. at 482. A federal habeas petitioner has fully and fairly presented his claim to a state court if (1) he has informed the court of the relevant facts and argued that those facts amount to a constitutional violation and (2) the state court has properly and carefully analyzed the constitutional claims. Pierson v. O'Leary, 1992 U.S.App. LEXIS 6170, *17-18 (7th Cir. April 6, 1992).
 
 
 24
 Under this standard, Higgason had a full and fair opportunity to litigate the issues relating to the police stop. In the proceeding before the Supreme Court, Higgason argued that the police lacked reasonable suspicion for their stop because they relied on the statements of the anonymous informants. The Court carefully analyzed Higgason's claims under both state and federal constitutional law, citing Terry v. Ohio, 392 U.S. 1 (1968) and other relevant caselaw.
 
 
 25
 Thus, because we find no merit in Higgason's three claims, we AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs