968 F.2d 1218
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Wilbert BLANCH, Petitioner/Appellant,
v.
J.W. FAIRMAN, Jr. Respondent/Appellee.
 No. 88-2071.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1992.*
Decided July 7, 1992.
 
 Before CUDAHY and COFFEY, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Wilbert Blanch petitions for a writ of habeas corpus, 28 U.S.C. § 2254, claiming that the state violated his right to confrontation and misstated the evidence. We affirm the dismissal of his petition, finding his misstatement argument waived and his confrontation argument meritless.
 
 I. BACKGROUND
 
 2
 On November 25, 1981, Blanch was tried for murder, armed robbery, and armed violence. The Appellate Court of Illinois summarized the pertinent evidence from that trial:
 
 
 3
 On November 25, 1981, three armed men entered and robbed a grocery store owned by Francisco Garate. During the occurrence, one of the robbers shot and killed Jose Lopez, a store employee.
 
 
 4
 Richard Allen testified for the State that he, Kelly and the defendant entered and robbed the store while Moore remained outside in the car. They were armed and wore ski masks. While defendant was in the back of the store with Lopez, Allen heard a shot. Defendant subsequently told Allen that he had killed Lopez. Allen agreed to testify under an agreement with the State whereby he would not be prosecuted for murder and would receive a term of 12 years after pleading guilty to the charge of armed robbery.
 
 
 5
 ... Officer Gerald Dorich of the Chicago Police Department testified that after he was assigned to investigate this crime, he had two interviews with [the getaway driver] Moore and then arrested defendant. Moore did not testify at trial.
 
 
 6
 After hearing the evidence, a jury convicted Blanch on all charges.
 
 
 7
 Blanch then appealed to the Appellate Court of Illinois, contending that (1) the prosecutor, in his opening and closing statements, distorted the evidence by discussing an inadmissible statement from Allen and by overstating the testimony of certain witnesses and (2) the trial court violated his right to confront Moore. The Appellate Court affirmed, and Blanch petitioned the Supreme Court, this time raising only the confrontation issue. The Supreme Court denied review. Blanch later petitioned for a writ of habeas corpus, 28 U.S.C. § 2254, again raising only the confrontation clause claim. The district court dismissed the petition, and Blanch appeals.
 
 II. ANALYSIS
 
 8
 On appeal, Blanch attempts to raise the two issues that he raised in the Illinois appellate court, even though he only raised the confrontation issue in the district court and Supreme Court. Blanch's failure to pursue the other issue, distortion of the evidence, precludes our review of this claim. A claim not raised in district court is waived, United States v. Lewis, 896 F.2d 246 (7th Cir.1990); a claim neglected in a state supreme court is procedurally defaulted. Nutall v. Greer, 764 F.2d 462, 465 (7th Cir.1985).
 
 
 9
 We, however, may review Blanch's confrontation clause claim. His challenge rests on Bruton v. United States, 391 U.S. 123, 127 (1968), a case barring the introduction of confessions from co-defendants unless the co-defendant is available for cross-examination. See also United States ex rel. Cole v. Lane, 752 F.2d 1210, 1216 (7th Cir.1985). Blanch claims that the state violated Bruton by allowing Dorich to testify about this conversations with co-defendant Moore. Dorich, however, did not reveal a confession. He testified only that he spoke with Moore and later arrested Blanch, not that Moore admitted to the crime. See United States v. Briscoe, 896 F.2d 1476, 1502 (7th Cir.1990).
 
 
 10
 Because Blanch cannot claim a Bruton violation, we must analyze his claim under the general test for confrontation clause violations. In similar situations, we have found violations only when a witness reveals hearsay statements. Martinez v. McCaughtry, 951 F.2d 130, 134 (7th Cir.1991); Lee v. McCaughtry, 892 F.2d 1318, 1325 (7th Cir.1990). Hearsay is defined as "a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted." Martinez, 951 F.2d at 133.
 
 
 11
 Under this definition, Dorich's testimony did not violate Blanch's constitutional right to confront witnesses because it was not introduced for truth, but "for the limited purpose of explaining why a government investigation was taken." See United States v. Lazcano, 881 F.2d 402, 407 (7th Cir.1989).
 
 
 12
 We, therefore, AFFIRM the district court dismissal of Blanch's petition.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs