4 F.3d 997
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Luciano PAOLONE, Defendant/Appellant.
 No. 92-3220.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 7, 1993.*
Decided Sept. 10, 1993.
 
 Before BAUER, Chief Judge, POSNER, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Luciano Paolone appeals from his convictions for possession of cocaine and obstruction of justice by solicitation of murder. 18 U.S.C. Sec. 841; 18 U.S.C. Sec. 1512(a)(1). We affirm the judgment of the district court.
 
 I. BACKGROUND
 
 2
 Luciano Paolone was charged initially with five counts of possession of cocaine with intent to distribute. 21 U.S.C. Sec. 841(a)(1). Pending his trial for those offenses, Paolone was released on bond, subject to the district court's "Order Setting Conditions of Release." As part of these conditions, Paolone promised "not commit any offense in violation of federal, state or local law while on release in this case." He also signed a section entitled "Advice of Penalties," which informed him that:
 
 
 3
 The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.
 
 
 4
 Following Paolone's release on bond, the government learned that he had asked Ismet Divanovic to murder government witness Nihad Aslani. With Divanovic's assistance, the government taped Paolone's later attempts to solicit Aslani's murder. The district court accepted the government's tapes into evidence, although Paolone objected to their poor auditory quality and their hearsay content.
 
 
 5
 The district court imposed a total of 120-months' imprisonment for the drug and solicitation offenses. It sentenced Paolone to 97 months for the solicitation offense plus a 23-month enhancement for committing an crime while on bond. These sentences were to run consecutively with each other and concurrently with a 100-month sentence for the drug offenses.
 
 II. ANALYSIS
 A. The Confrontation Clause
 
 6
 Paolone claims that the district court violated the confrontation clause by admitting tapes containing hearsay. We disagree. Paolone's statements were properly admitted as statements of a party opponent and Divanovic's comments were admissible non-hearsay.
 
 
 7
 Paolone's taped statements qualify as "admissions of a party opponent" because they are a "party's own statement[s]" "offered against the party" at trial. Fed.R.Evid. 801(d)(2)(A). The statements need not, as Paolone suggests, be sincere or incriminating, even though the word "admission" may have these connotations in everyday parlance. Under both the rules of hearsay and the confrontation clause, any statement made by an opposing party is admissible evidence. Fed.R.Evid. 801(d)(2)(A); United States v. Rollins, 862 F.2d 1282, 1296 (7th Cir.1988), cert. denied, 490 U.S. 1074 (1989).
 
 
 8
 The Federal Rules of Evidence and the confrontation clause also allow parties to introduce non-hearsay statements. Martinez v. McCaughtry, 951 F.2d 130, 133 (7th Cir.1991) ("where statements are admissible because they are not hearsay, there is no confrontation clause problem"). "Hearsay" includes only those "statements ... offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c).
 
 
 9
 All Divanovic's audible[1] statements are non-hearsay because the government did not use them to prove the truth of the matters that they assert. Divanovic only solicited incriminatory remarks from Paolone; he did not provide any incriminating information himself. Divanovic rarely spoke during the discussion of Aslani's murder, and when he did speak, he provided short, non-substantive responses to Paolone's questions or he questioned Paolone about his plans for the murder. Although these questions may have aided the jury by providing the context for Paolone's admissions, they could not have been used for their truth.
 
 
 10
 Even if the tapes did contain hearsay statements, this would not require the district court to suppress the tapes. When a tape includes both the admissions of a defendant and hearsay statements by another declarant, a district court should admit the tape, subject to a limiting instruction. United States v. McClain, 934 F.2d 822, 832 (7th Cir.1991). Because Paolone did not request a limiting instruction, he has waived any right to challenge hearsay contained in the tapes. See United States v. Thompson, 944 F.2d 1331, 1344 (7th Cir.1991), cert. denied, 112 S.Ct. 1177 (1992); United States v. Murzyn, 631 F.2d 525, 531 (7th Cir.1980).
 
 B. Sentencing Issues
 
 11
 Paolone also attacks the enhancement to his sentence for committing a crime while released on bond. Under 18 U.S.C. Sec. 3147, a person convicted of a felony while on bond must serve, "in addition to the sentence prescribed for the offense" a term of "not more than ten years imprisonment." A district court may impose this additional penalty only if it informs the defendant of the enhancement in his release order. 18 U.S.C. Sec. 3142(h)(2)(A); United States v. Di Caro, 852 F.2d 259, 264-65 (7th Cir.1988).
 
 
 12
 Paolone complains that the district court's "Advice of Penalties and Sanctions" ("the Advice") did not meet the requirements of Sec. 3142 and Di Caro. He alleges that the first sentence of the Advice, which states that "[t]he commission of any offense while on pretrial release may result in an additional sentence ...", implies that the enhancement is discretionary, although the statute provides for a mandatory enhancement. 18 U.S.C. Sec. 3147.
 
 
 13
 We disagree with Paolone's characterization of the Advice. The use of the term "may" implies only that the penalties are dependant upon conviction. The second sentence of the Advice correctly states the law by noting that the sentence enhancement "shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself" [emphasis added].
 
 
 14
 Finding no error in Paolone's conviction or sentence, we AFFIRM the judgment of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The tapes are of extremely poor quality. Although we deciphered most of Paolone's conversation by listening to the tapes several times at variable tape speeds, we could not interpret every word