**Eddie TOWNSEND, Plaintiff–Appellant,**

v.

**James GASVODA et. al., Defendants–Appellees.**

No. 02–3535.

United States Court of Appeals, Seventh Circuit.

Submitted June 5, 2003.*

Decided June 6, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before EASTERBROOK, KANNE, and WILLIAMS, Circuit Judges.

ORDER

Indiana inmate Eddie Townsend filed this suit under 42 U.S.C. § 1983, alleging that three courtroom security officers used excessive force while transporting him to his cell after his sentencing hearing. A jury found in favor of the officers, and Townsend appeals. We affirm.

Following his trial on charges of battery and resisting arrest, Townsend appeared in Allen County (Indiana) Superior Court for sentencing. At the close of the sentencing hearing, Officers James Gasvoda, Joseph Cox, and Scott Stoddard escorted Townsend from the courtroom to the adjacent lock up. The officers maintain that Townsend resisted them and became violent; Townsend denies this. Everyone involved, however, agrees that the officers shocked him with a stun gun and kicked him in the abdomen before they succeeded in confining him to his cell.

Townsend's § 1983 suit against the officers was tried before a magistrate judge by consent. Townsend testified that Officers Gasvoda, Cox, and Stoddard forcibly removed him from the courtroom while he was trying to speak with his attorney and then repeatedly shocked, punched, and kicked him without provocation. The officers, on the other hand, testified that Townsend struggled with them so fiercely that they were forced to use the stun gun to subdue him. According to the officers, Townsend was still struggling when they reached the lock up, and they could not close the cell door until Officer Stoddard pushed Townsend back with a kick. Allen County Magistrate Robert Schmoll also testified, via videotape, that, while walking down the hall, he heard Townsend tell the officers that the stun gun shocks felt like mosquito bites.

On appeal Townsend argues that the magistrate judge erred by allowing Officer Stoddard to testify that he had received a note from one of his superiors warning that Townsend had threatened to "take a guard out" after his sentencing. Townsend submits that the note was inadmissible as hearsay because, in his view, it was an out-of-court statement offered to establish that he had threatened the officers prior to the hearing. See Fed.R.Evid. 801(c).

Whether an out-of-court statement is hearsay depends primarily on how the statement is used. *United States v. Linwood*, 142 F.3d 418, 425 (7th Cir.1998). An out-of-court statement is hearsay only if it is offered for the truth of the matter it asserts. *Id.* There was a risk that Officer Stoddard's testimony could have been construed to mean that the content of the note was true–that Townsend had actually threatened to harm a guard after sentencing. *See id.* But the possibility of a hearsay use did not bar the court from admitting the note for a different, permissible purpose as long as it gave a corresponding limiting instruction to the jury. *See id.* at 425 ("[N]ot every *potentially* hearsay statement is inadmissible, for there will often be a non-hearsay use for it."). Here the court specifically admonished the jury to consider the note only as evidence that Officer Stoddard had received notice that his superior thought Townsend could become violent. *See id.* at 425–26; *Cook v. Navistar Int'l Trans. Corp.*, 940 F.2d 207, 213 (7th Cir.1991) (a potentially hearsay statement may be admissible to show actual or constructive knowledge or notice). Thus the testimony about the note was admissible because it established Officer Stoddard's state of mind and his aware-

ness of the note's contents. *See United States v. Hanson,* 994 F.2d 403, 406 (7th Cir.1993); *Martinez v. McCaughtry,* 951 F.2d 130, 133 (7th Cir.1991).

Townsend argues that the court's limiting instruction only drew the jury's attention to the testimony about the threatening note, making it even more likely that it would accept the note as truth. But the court's instruction was clear, and we presume that juries can and do follow the limiting instructions issued to them. *Linwood,* 142 F.3d at 426. Townsend offers no basis for overcoming the presumption that the jury in this case obeyed the court.

Townsend also challenges the admissibility of Magistrate Schmoll's videotaped testimony because it contained inaccuracies. Specifically, Magistrate Schmoll stated that he had sentenced Townsend for two Class B felonies, but Townsend asserts that the magistrate actually sentenced him for a Class A misdemeanor and a Class D felony. Townsend was sentenced for two additional counts before a different judge on the same day as his sentencing hearing before Magistrate Schmoll. But the record does not clarify which judge sentenced Townsend for the two Class B felonies.

Ultimately, whether Magistrate Schmoll sentenced Townsend for a Class A misdemeanor and a Class D felony rather than two Class B felonies is immaterial. Townsend did not object to this testimony at any time before or during trial, and thus he has waived his right to appeal the admissibility of the videotape. *See United States v. Boyles,* 57 F.3d 535, 545 (7th Cir.1995). Moreover, the portion of the testimony Townsend objects to–the judge's misidentification of the counts Townsend was sentenced for – is not relevant to any issue in this case and thus could not have prejudiced him.

AFFIRMED.